J-A16003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JIMMY FORNARI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHERRY FORNARI | : | |
| | : | |
| Appellant | : | No. 1466 WDA 2023 |

Appeal from the Order Entered November 22, 2023
In the Court of Common Pleas of Blair County Orphans' Court at No(s):
839117500,
CP-07-GN-0002208-2018

| | | |
|---|---|---|
| JIMMY FORNARI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHERRY FORNARI | : | |
| | : | |
| Appellant | : | No. 1476 WDA 2023 |

Appeal from the Order Entered November 22, 2023
In the Court of Common Pleas of Blair County Orphans' Court at No(s):
839117500,
CP-07-GN-0002208-2018

BEFORE:  KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:               **FILED: August 13, 2024**

Sherry Fornari (Wife) appeals the order issued by the Blair County Court of Common Pleas, which granted the request of Jimmy Fornari (Husband) that certain alimony *pendente lite* payments be credited as installment payments toward equitable distribution.  After careful review, we affirm.

The record provides the following background. Husband and Wife were married in 1984 and separated in 2013. Husband filed for divorce in 2018. Equitable distribution was litigated before the master between September 2021 and July 2022. On August 31, 2022, the master issued the report and recommendation, which included a proposed division of the marital estate. The particulars of the equitable distribution scheme are irrelevant, except to mention that the master recommended Husband pay Wife $703,294, in monthly installments of $14,000. Considering this award, Wife was not awarded alimony.

Per the master's recommendation, the monthly equitable distribution installments were set to begin in October 2022, at which point Husband's obligation to pay alimony *pendente lite* (APL) of approximately $10,000 per month would cease.

Following the master's August 2022 report and recommendation, Husband and Wife filed exceptions, and the trial court held oral argument on those exceptions in February 2023. While the exceptions were pending, Husband continued to make monthly payments to Wife. Notably, Husband did not increase his payments to $14,000, the amount of the recommended equitable distribution installments. Rather, he continued to pay the amount he owed in APL.

The trial court ultimately dismissed the exceptions and adopted the master's recommendation. In June 2023, the court entered the divorce

decree. The decree mimicked the master's recommendation, providing in relevant part:

> 7. Husband [] shall pay a financial settlement to Wife [] in the amount of $703,294.00 by February 2028 in installments of $14,000.00 per month. The first installment payment shall be due October 1, 2022.
>
> 8. […] The alimony *pendente lite* shall terminate upon the first monthly installment of the financial settlement.

Divorce Decree, 6/5/2023, at ¶¶7-8. The master's recommendation includes the same provisions.

Neither party appealed the divorce decree, and the equitable distribution became final 30 days later in July 2023. That same month, Husband filed a motion, seeking credit toward his equitable distribution for those monthly payments he made from October 2022 onward. His argument was that Paragraphs 7 and 8 of the divorce decree required him to begin making equitable distribution payments in October 2022, at which point APL would stop. In Husband's view, he complied with the equitable distribution award because he made regular payments from October 2022 onward, albeit in the lesser APL amount and not in the greater equitable distribution installment amount. Thus, according to Husband, this sum should count toward equitable distribution. Husband recognized that he would also owe Wife a lump sum for the difference between the payments he made and the amount he owed.

The trial court held a hearing on Husband's motion on November 14, 2023. At that point, however, the trial judge who had presided over the

- 3 -

parties' case had retired. The new trial judge appointed to fill the vacancy was the master who presided over the equitable distribution hearing.[1] The court subsequently granted Husband's request that the payments he made would be credited toward equitable distribution.

Wife timely filed this appeal. She presents one issue for our review:

> Did the lower court err and/or abuse its discretion by granting Husband's motion to covert APL to credit towards the divorce settlement?

Wife's Brief at 7.

We review APL awards and orders relating to equitable distribution for an abuse of discretion.

> Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an "abuse of discretion" unless the law has been "overridden or misapplied or the judgment exercised" was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

---

[1] The new trial judge raised this issue with the parties, who had no objection to her adjudicating the case.

***Childress v. Bogosian***, 12 A.3d 448, 465 (Pa. Super. 2011) (citations and internal quotations omitted).

On appeal, Wife argues that the trial court should not have credited Husband's post-October 2022 payments toward equitable distribution, because these payments were less than $14,000. Wife maintains that APL should have continued until such time that Husband began making proper equitable distribution installment payments – that is, installments in the amount of $14,000. Only then would his obligation to pay APL cease. Wife also reasons that she is not seeking a double award, because her right to receive APL should have continued until the litigation ended with the finalization of the divorce decree in July 2023.

Husband argues that his equitable distribution obligation and the termination of APL was triggered by the ***date*** in the final order and not whether he made a full equitable distribution payment. According to him, as of October 2022, the monthly payments he had been making automatically transformed from APL to equitable distribution, regardless of the fact that he failed to pay the full $14,000 but instead continued to pay the APL amount.[2]

We note that the trial court's order of June 2023, which was a wholesale adoption of the master's report and recommendation of August 2022 created a paradox. When the court ruled, in June 2023, that Wife was to receive equitable distribution installments beginning in October 2022, the court

---

[2] The trial court did not issue an opinion in accordance with Pa.R.A.P. 1925(a).

inadvertently created a situation where either Husband was retroactively noncompliant for his failure to make full equitable distribution installment payments, and/or Wife's APL was retroactively terminated.

We understand Wife's argument that any cessation of her APL, prior to the July 2023 resolution of the parties' divorce, undercuts the very purpose of APL, which is to provide temporary support to a spouse during the pendency of a divorce action. **Childress v. Bogosian**, 12 A.3d at 463 (citing 23 Pa.C.S.A. § 3103). "APL focuses on the ability of the individual who receives the APL during the course of the litigation to defend her/himself, and the only issue is whether the amount is reasonable for the purpose, which turns on the economic resources available to the spouse." **Id.** (citations omitted). This Court has held APL was appropriate while the parties litigated an appeal from an equitable distribution order. **See, e.g., Schenk v. Schenk**, 880 A.2d 633 (Pa. Super. 2005).

Given the purpose of APL, it would have been appropriate for Wife to continue receiving APL throughout the exceptions process until such time as the equitable distribution became final. Indeed, Wife's APL amount was adjusted in December 2022, while exceptions were pending. At that time, no one contested the propriety of Wife's continued entitlement to APL, which makes sense given that litigation was not resolved until July 2023.

However, after the court issued its equitable distribution order in June 2023, neither party appealed. This meant equitable distribution became final in July 2023, including Paragraphs 7 and 8, which set forth the exact date for

- 6 -

Husband's equitable distribution payments to begin and Wife's APL to terminate.

If Wife believed the October 22, 2022, date should have been adjusted given the pendency of a decision on exceptions to the master's recommendation, Wife could have sought clarification or reconsideration of the June 2023 order before it became final. Alternatively, she could have appealed the court's decision. She did not. Thus, when Husband filed his motion in November 2023 seeking credit for the post-October 2022 payments, he merely sought to enforce the court's final equitable distribution order. We cannot conclude that the trial court's decision granting his request was manifestly unreasonable. Wife's sole challenge in this appeal merits no relief.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

8/13/2024